UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

PORTLAND DIVISION


JASON JAMES and TERESA JAMES,

               Plaintiffs,

      v.

GROUP LIFE AND HEALTH BENEFITS
PLAN FOR EMPLOYEES OF
PARTICIPATING AMR CORPORATION
SUBSIDIARIES,

               Defendant.

Case No. 3:11-cv-00051-ST

OPINION AND ORDER


STEWART, Magistrate Judge:

## <u>INTRODUCTION</u>

Plaintiffs, Jason James and Teresa James, brought this action under the Employee

Retirement Income Security Act of 1974 ("ERISA"), 29 USC § 1132, to recover medical

benefits of $21,874.15 pursuant to a group insurance policy issued by the Group Life and Health

Benefits Plan for Employees of Participating AMR Corporation Subsidiaries ("Plan").  On cross-

motions for summary judgment, this court  reversed the Plan's decision to deny benefits to

plaintiffs.  Plaintiffs now move for an award of attorney fees in the sum of $40,755.00 and costs

in the sum of $350.00.  For the reasons set forth below, that motion is granted.


1- OPINION AND ORDER

**DISCUSSION**

Pursuant to 29 USC § 1132(g)(1), "the court in its discretion may allow a reasonable attorney's fee and costs of action to either party" in an ERISA action.  A plan participant or beneficiary who prevails in a suit to enforce rights under an ERISA plan "should ordinarily recover [attorneys'] fees unless special circumstances would render such an award unjust." *Elliot v. Fortis Benefits Ins. Co.*, 337 F3d 1138, 1148 (9th Cir 2003) (citation omitted).  The defendant bears the burden of proving special circumstances that would, under the employee protection principles of ERISA, render an award of the plaintiff's reasonable attorney's fees "unjust."  *McElwaine v. US West, Inc.*, 176 F3d 1167, 1172 (9th Cir 1999) (citation omitted).

In *Hummell v. S.E. Rykoff & Co.*, 634 F2d 446, 453 (9th Cir 1980), the Ninth Circuit adopted five factors for district courts to apply in exercising their discretion in reviewing motions for attorney's fees under 29 USC § 1132(g)(1).  However, the court is not required to apply *Hummell* factors where, as in this case, "the fact that the plaintiff prevailed 'is evident from the order of the district court.'"  *Grosz-Salomon v. Paul Revere Life Ins. Co.*, 237 F3d 1154, 1164 (9th Cir 2001), quoting *Nelson v. EG & G Energy Measurements Group, Inc.*, 37 F3d 1384, 1392 (9th Cir 1994).

Defendant does not argue that special circumstances would render an award of attorney fees to plaintiffs unjust, but objects to the amount requested.  The amount of reasonable attorney fees recoverable under 29 USC § 1132(g)(1) is calculated using a hybrid lodestar/multiplier approach.  *Welch v. Metro. Life Ins. Co.*, 480 F3d 942, 946 (9th Cir 2007).  The lodestar is determined by multiplying the number of hours reasonably expended on the litigation by a reasonable hourly rate.  *Hensley v. Eckerhart*, 461 US 424, 433 (1983).  In calculating the lodestar, the court must consider those factors identified in *Kerr v. Screen Extras Guild, Inc.*, 526

F2d 67 (9th Cir 1975), which have now been subsumed within the initial calculation.

*Cunningham v. Cnty. of Los Angeles*, 879 F2d 481, 487 (9th Cir 1988).  Subsumed factors

include:  (1) novelty and complexity of the issues; (2) special skill and experience of counsel;

(3) quality of the representation; (4) the results obtained; and (5) the superior performance of

counsel.   After calculating the lodestar, the fee may be adjusted by any nonsubsumed factors

identified in *Kerr*.

        In support of the attorney's fee request, plaintiffs have submitted declarations by two

attorneys, Samuel T. Stanke and Megan Glor.  Based on his attached time records, Mr. Stanke

states that he spent 148.20 hours representing plaintiffs (after omitting 11.2 hours) and seeks an

hourly rate of $275.00, for a total of $40,755.00.  Stanke Decl. (docket #85-2), ¶¶ 7-11 & Ex. A.

In addition, he attests to the filing fee of $350.00.  *Id*, ¶ 12.  Based on a review of the pleadings

and Mr. Stanke's  time records, Ms. Glor concludes that both the number of hours incurred by

Mr. Stanke and his hourly rate are reasonable.  Glor Decl. (docket #85-4), ¶¶ 13-17.  Defendant

does not contest Mr. Stanke's hourly rate, but objects to over one-third of the entries on his time

records that reference emails and telephone calls as lacking sufficient detail.  As a result, it urges

the court to deny plaintiffs' motion for attorney fees in its entirety or to reduce the amount by

51.5 hours ($14,162.50).

        Given plaintiffs' success, this court has no difficulty concluding that they should recover

their attorney's fees.  Moreover, this court is not persuaded that the total amount requested is

unreasonable.  Defendant is correct that, as a general rule, this court expects some description of

the subject of the email or telephone call in order to assess the reasonableness of the requested

time.  However, the lack of detail by Mr. Stanke causes this court no concern about the

reasonableness of the time incurred.

3- OPINION AND ORDER

As pointed out by plaintiffs, nearly all of the time entries to which defendant objects concern Mr. Stanke's communications with either a defendant's legal counsel and/or staff, the court, or plaintiffs themselves.  Defendant should be aware of both the fact and content of Mr. Stanke's communications with it and does not deny that these communications occurred or that they took less time than recorded by Mr. Stanke.  As to the other defendants, the communications were with AMR Corporations' bankruptcy counsel during AMR Corporation's Chapter 11 proceedings.  Because those communications presumably concerned the progress of the bankruptcy proceedings, they are not suspect.

Mr. Stanke had approximately 33 communications with the court, mostly 0.1 hour each, over a period of two and a half years.  Although the subject of those contacts would be helpful to know, it is not unusual for attorneys to communicate with the court regarding scheduling matters and other procedural issues.  Based on this court's experience, the number of such contacts by Mr. Stanke in this case falls well within the realm of reasonableness.

As for communications between Mr. Stanke and his clients, the substance is, of course, privileged and would not be appropriate to describe in detail.  Nonetheless, the context of the entries indicates that the communications all reasonably relate to the litigation, such as settlement discussions (in March and April 2011 and May 2014), the filing and arguing of Motions for Summary Judgment and for prejudgment interest, and responses (in October 2011, March and April 2014, and June, July and August 2014), the more than-two-year automatic stay caused by AMR Corporation's choice to seek Chapter 11 bankruptcy protection (in November 2011 as well as all of 2012 and 2013), and the court's rulings (in May 2011, April 2014, and September 2014).

Defendant does not argue that the total amount of time spent on these tasks was excessive.  Since they appear to be reasonable and necessary to this litigation, they will be not be subtracted from the number of hours incurred by Mr. Stanke.

### **ORDER**

For the reasons set forth above, plaintiffs' Motion for Attorney Fees and Costs (docket #85) is GRANTED in the sum of $40,755.00 for attorney fees and the sum of $350.00 for costs.

DATED  November 19, 2014.

s/ Janice M. Stewart

_____
Janice M. Stewart
United States Magistrate Judge

5- OPINION AND ORDER